IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THERESE O'DONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 3523 |
| | ) | |
| v. | ) | Hon. Judge John Z. Lee |
| | ) | |
| CITY OF COUNTRY CLUB HILLS, an Illinois | ) | Magistrate Judge Schenkier |
| Municipality; DWIGHT WELCH, individually | ) | |
| and as Mayor of the City of Country Club Hills; | ) | |
| REGINA EVANS, individually and in her | ) | |
| official capacity as Police Chief of the City of | ) | |
| Country Club Hills; CITY OF COUNTRY | ) | |
| CLUB HILLS CITY COUNCIL; JOHN | ) | |
| EDWARDS, individually and as alderman of the | ) | |
| City of Country Club Hills City Council; | ) | |
| CYNTHIA SINGLETON, individually and as | ) | |
| alderman of the City of Country Club Hills City | ) | |
| Council; VINCENT LOCKETT, individually | ) | |
| and as alderman of the City of Country Club | ) | |
| Hills City Council; LEON WILLIAMS, | ) | |
| individually and as alderman of the City of | ) | |
| Country Club Hills City Council; STEVEN | ) | |
| BURRIS, individually and as alderman of the | ) | |
| City of Country Club Hills City Council; | ) | |
| ANTHONY DAVIS, individually and as | ) | |
| alderman of the City of Country Club Hills City | ) | |
| Council; FRANK MARTIN, individually and as | ) | |
| alderman of the City of Country Club Hills City | ) | |
| Council, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Therese O'Donnell, a former police officer with the City of Country Club Hills ("Country Club Hills"), has sued Dwight Welch, the mayor of Country Club Hills, Regina Evans, the former police chief of Country Club Hills, the Country Club Hills City Council, and the individual aldermen who represent the City Council: John Edwards, Cynthia Singleton,

Vincent Lockett, Leon Williams, Steven Burris, Anthony Davis, and Frank Martin (collectively, "the Council"), for race and gender discrimination and harassment while employed by Country Club Hills. Plaintiff seeks relief from Defendants' unlawful employment practices pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and 42 U.S.C. § 1983 ("Section 1983"). Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth herein, the Court grants in part and denies in part Defendants' motions to dismiss.

## Facts[1]

Plaintiff Therese O'Donnell ("Plaintiff" or "O'Donnell") worked as a police officer for the Country Club Hills police department from September 21, 1987, to September 30, 2011. (Compl. ¶¶ 13, 67.) While employed by Country Club Hills, Plaintiff became the first woman in the police department's history to achieve the respective ranks of sergeant, lieutenant, and deputy chief. (*Id.* ¶¶ 14-16.) In May 2009, against the recommendation of the police department, Defendant Welch and the Council appointed Defendant Evans Chief of Police. (*Id.* ¶¶ 19-21.) Shortly after her appointment, Evans demoted O'Donnell to commander because, according to O'Donnell, Evans was uncomfortable with employing a more qualified woman than herself as the deputy chief. (*Id.* ¶ 22.)

Following O'Donnell's demotion, from January 2010 through July 2011, Evans fostered a hostile work environment for O'Donnell by continually harassing her at work due to O'Donnell's race and gender. (*Id.* ¶ 23.) In addition to her initial demotion to commander from deputy chief, O'Donnell alleges that Evans: singled O'Donnell out by not ordering her food during a work lunch (*id.* ¶ 25); publically embarrassed her in front of the other commanders,

---

[1] The following facts are taken from Plaintiff's Complaint and are assumed to be true for purposes of these motions to dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

deputy commanders, and the inspector general (*id.* ¶ 27); forced her to move to an office that was equivalent in size to her then-current office's closet (*id.* ¶ 29); made O'Donnell the only female employee at the police department who was not invited to attend a two-day leadership conference for women in law enforcement (*id.* ¶ 35); questioned O'Donnell's qualifications in front of her colleagues (*id.* ¶ 37); removed O'Donnell from the list of command staff officers who are designated to respond to certain important matters (*id.* ¶ 42); and forced O'Donnell to work at a polling station on election day for two hours longer than any other police officer, even though Evans was aware that it was O'Donnell's daughter's birthday. (*Id.* ¶ 46.) As a result of Evans' conduct, O'Donnell contemplated retirement. (*Id.* ¶ 45).

O'Donnell informed her superiors about Evans' harassment on several occasions. First, O'Donnell reached out to Defendant Welch on January 26, 2010, and visited him at his home, where they discussed Evans' gender-based discrimination. (*Id.* ¶ 30.) Two months later, on March 30, 2010, O'Donnell complained about Evans' harassing and discriminatory conduct to the Village Manager, Henrietta Turner. (*Id.* ¶ 36.) O'Donnell also complained to Turner on July 29, 2010, that Evans was trying to "sabotage her career." Turner, however, failed to take action against Evans on either occasion and never followed up with O'Donnell regarding her problems with Evans. (*Id.* ¶¶ 36, 41.)

O'Donnell alleges that, in retaliation for complaining to Welch and Turner about her conduct, Evans informed another police officer on May 31, 2011, that O'Donnell would soon be demoted to sergeant; O'Donnell was demoted on July 12, 2011. (*Id.* ¶¶ 53, 57.) After the demotion, Evans refused to provide O'Donnell with the proper stripes, pins, and badge for the new position for a period of five days, which led other officers to question O'Donnell's standing within the Country Club Hills police department. (*Id.* ¶ 59.) Furthermore, on July 26, 2011,

Evans learned that O'Donnell was contemplating legal action against Evans as a result of Evans' discriminatory treatment. In response, Evans threatened O'Donnell in an effort to convince her to sign a unique retirement agreement by telling O'Donnell to "think of [her] family" before taking legal action. (*Id.* ¶ 61.) Allegedly, no other Country Club Hills officer had ever been asked to sign a similar retirement agreement. (*Id.*)

On August 8, 2011, Evans temporarily left her position with the Country Club Hills police department and went on "indefinite medical leave." (*Id.* ¶ 64.) When selecting a replacement chief, Welch, Evans, and the Council bypassed O'Donnell due to her race and gender, and instead appointed an allegedly lesser-qualified African-American male to become the acting Chief of Police. (*Id.* ¶ 65.) Following the new chief's appointment, Welch confessed to O'Donnell that he had "to have an African-American at chief." (*Id.* ¶ 66.) O'Donnell subsequently retired and was discharged on September 30, 2011; her last day of active duty as a Country Club Hills police officer occurred on August 31, 2011. (*Id.* ¶ 67.)

Defendants move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) on three grounds. They contend that: (1) the complaint's Title VII, § 1981, and § 1983 claims are barred by their applicable statutes of limitations; (2) the complaint contains claims that were not included in Plaintiff's EEOC charge and such claims should thereby be dismissed; and (3) the counts against Defendants Evans and Welch in their official capacities are redundant and should be dismissed. The Court will address each issue in turn.

**Discussion**

A.  **Statute of Limitations**

Defendants first assert that Plaintiff's claims should be dismissed because Plaintiff failed to bring suit within the applicable limitations periods. The Court disagrees.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint, however, need not anticipate nor overcome affirmative defenses, including one based on the relevant statute of limitation. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Accordingly, a court cannot dismiss a plaintiff's complaint under Rule 12(b)(6) simply because it fails to plead around an affirmative defense. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (Easterbrook, J.) (reversing District Court's dismissal of plaintiff's complaint under 12(b)(6) because it was irrelevant that complaint failed to plead around defendant's assertion that suit was untimely). However, dismissal of a claim under Rule 12(b)(6) may be appropriate where a plaintiff affirmatively "pleads itself out of court" by alleging facts in the complaint that are sufficient to establish an affirmative defense. *Xechem*, 372 F.3d at 901 (Easterbrook, J.).

Based upon these principles, where a defendant raises the statute of limitations as an affirmative defense at the motion to dismiss stage, a court can only dismiss a claim "when [the] complaint plainly reveals that an action is untimely under the governing statute of limitations."

*Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)) (internal quotation omitted); *see also Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (statute of limitations is an affirmative defense). Here, Plaintiff's complaint falls far short of establishing that the statute of limitations would preclude her Title VII, § 1981, or § 1983 claims.

First, Defendants argue that the Court should dismiss Plaintiff's Title VII claims to the extent that they arise out of conduct that occurred prior to October 14, 2010. Defendants base this argument on the grounds that (1) Plaintiff, by her own admission, filed her EEOC charge on August 10, 2011 (see Pl.'s Resp. Mot. Dismiss 2), and (2) Plaintiff was required to file her EEOC charge within 300 days of Defendants' alleged discrimination. *See Walker v. Abbott Labs.*, 340 F.3d 471, 474 (7th Cir. 2003); *Patt v. Family Health Sys. Inc.*, 280 F.3d 749, 752 (7th Cir. 2002); 42 U.S.C. § 2000e-5(e)(1) (2003).

In effect, Defendants argue that each conduct upon which Plaintiff bases her Title VII claim constitute discrete acts, each of which gives rise to a separate Title VII cause of action, which in turn must be timely filed. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). In response, Plaintiff argues that the acts that occurred before October 14, 2010, were all part and parcel of a larger scheme by Defendants to create a "hostile work environment" and, therefore, are actionable so long as the hostile work environment continued after October 14, 2010. *See id.* at 118 (holding that because "the incidents constituting a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim. In order for the charge to be timely, the employee need only file a charge within 180 or 300 days of any act that is part of the hostile work environment."). To the extent that Plaintiff asserts a hostile work environment claim, she is

correct, and the claim cannot be dismissed on statute of limitations grounds at the pleading stage. The Court therefore denies Defendants' motions to dismiss Plaintiff's Title VII claims as being untimely.

Defendants further assert that the Court should dismiss Plaintiff's § 1981 and § 1983 claims because those claims are similarly barred by their respective statutes of limitations. Specifically, Defendants argue that the two-year statute of limitations governing § 1981 and § 1983 claims in Illinois bars Plaintiff's claims that accrued prior to May 8, 2010.

With respect to the § 1981 claims, Plaintiff correctly counters that the applicable statute of limitations in Illinois for such claims is four years, not two. *See Pruitt v. City of Chi.*, 472 F.3d 925, 927 (7th Cir. 2006) (four-year statute of limitations for § 1981 claims in Illinois). As a result, the statute of limitations bars Plaintiff's § 1981 claims to the extent they accrued prior to May 8, 2008, not May 8, 2010. Here, the earliest facts giving rise to Plaintiff's § 1981 claims purportedly occurred in January 2010. Therefore, Plaintiff has not affirmatively pled herself out of court with respect to her § 1981 claims.

Plaintiff, however, does agree that the statute of limitations in Illinois for § 1983 claims is two years. See Pl.'s Resp. Mot. Dismiss 9. At the same time, Plaintiff argues that the Court should not dismiss her § 1983 claims because they are saved by the continuing violations doctrine. The continuing violations doctrine links a time-barred act with an act that occurred within the two-year limitations period by treating the separate claims as one continuous act. *See Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). There are three scenarios in which the continuous violation doctrine is said to toll the applicable limitations period, *see id.* at 565, two of which may be applicable in this case: (1) where an "employer has an express, openly espoused policy that is alleged to be discriminatory;" and (2) where an employer follows a

covert, rather than open, practice of discrimination. *Id.* (citing *Stewart v. CPC Int'l, Inc.*, 679 F.2d 117, 121 (7th Cir. 1982)) (internal citation omitted).

Defendants retort that Plaintiff's § 1983 claims are not saved by the continuing violations doctrine because Plaintiff has not alleged that Defendants had a sufficient discriminatory policy in place. However, a § 1983 complaint need not meet a heightened pleading standard to survive a motion to dismiss. *See Heyde v. Pittenger*, 633 F.3d 512, 516 (7th Cir. 2011). Rather, dismissal of a § 1983 claim is proper only if the complaint fails to allege "'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 517 (quoting *Twombly*, 550 U.S. at 570).

Here, Plaintiff sufficiently alleges that Defendants had a discriminatory policy in place to state a cause of action based on a continuous violations theory. For example, Plaintiff's complaint explicitly alleges that Defendants follow an "espoused" "custom, policy and practice" of discrimination and provides several examples of this conduct. (Compl. ¶¶ 111, 113-14.) Whether Plaintiff can eventually establish that Defendants' discrimination constituted either an express, openly espoused policy or a covert practice of discrimination is not controlling at this early stage of the proceedings. Read as in its entirety, the complaint is sufficient to support a § 1983 claim that Defendants perpetuated a continuous policy of discrimination.

**B.     Plaintiff's EEOC Charge**

Next, Defendants argue that several of Plaintiff's claims should be dismissed because they were not mentioned in, and are not reasonably related to, her EEOC charge. "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009) (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994)) (internal quotations omitted). Nonetheless, a plaintiff may still include claims that were not mentioned in her EEOC charge so long as such claims are

reasonably related to the claims in the charge. *See Teal*, 559 F.3d at 691; *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir.1976). The standard is a liberal one "and is satisfied if there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation." *Teal*, 559 F.3d at 692 (internal citations omitted).

Here, the Court finds that Plaintiff's claims are sufficiently related to the claims in her EEOC charge to survive a motion to dismiss under Rule 12(b)(6). Defendants argue that several paragraphs in Plaintiff's complaint were not included in her EEOC charge. Specifically, Defendants assert that the following paragraphs in Plaintiff's complaint are either not included in, or not sufficiently related to, her EEOC charge: ¶ 22 (demotion from deputy chief); ¶¶ 28, 30, 32 (office move); ¶¶ 30, 31 (complaints to Welch); and ¶¶ 33-42, 52, 53, 56, 66 (Evans' harassment and exclusion of O'Donnell; allegations regarding McGavock; demotion from command staff; Welch's discriminatory admission). However, the allegations contained in the above paragraphs are either directly referenced in Plaintiff's charge or are reasonably related to the substance of the charge to survive Defendants' motion to dismiss. For example, as Plaintiff correctly points out, ¶¶ 22, 52, 53, and 56 of the complaint were all included in her EEOC charge. *See* Defs.' Mem. Supp. Mot. Dismiss, Ex. B ¶¶ 2, 4, 8. Additionally, although Plaintiff concedes that her charge did not mention the details regarding her office move, uniform or rank, complaints to Welch, or Welch's admission to Plaintiff regarding the appointment of the new acting Chief of Police, *see* Pl.'s Resp. Mot. Dismiss 13, the Court finds that the allegations themselves are sufficiently related to Plaintiff's EEOC claims to survive a motion to dismiss under Rule 12(b)(6).

Defendants' reliance on *Teal* is unavailing. In *Teal*, the plaintiff's complaint and EEOC charge disagreed as to the year of, and the reason for, the plaintiff's discharge; the court reasoned that such acts were therefore "entirely different, separate and distinct." *Id.* at 692. The same is not true here. As such, Defendants' motion to dismiss Plaintiff's Title VII claims on this basis is also denied.

## C.  Dismissal of Defendants

Finally, Defendants argue that Defendants Welch and Evans should be dismissed in their official capacities because suing them in this manner would be redundant. On this point the Court agrees. *See Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) ("[a]ctions against individual defendants in their official capacities are treated as suits brought against the government entity itself.") (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)) (internal citation omitted). Plaintiff, herself, concedes that Defendant Welch should be dismissed in his official capacity on this basis. See Pl.'s Resp. Mot. Dismiss 13. The Court finds no reason why this analysis should not apply similarly to the remaining Defendants. Therefore, the Court grants Defendants' motions to dismiss Defendants Welch and Evans in their official capacities only. Defendants Edwards, Singleton, Lockett, Williams, Burris, Davis, and Martin are hereby dismissed in their official capacities as well.

**<u>Conclusion</u>**

For the reasons provided in this Memorandum Opinion and Order, the Court grants in part and denies in part Defendants' motions to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [dkt. 33, 44]. The Court dismisses Plaintiff's claims against Defendants Welch, Evans, Edwards, Singleton, Lockett, Williams, Burris, Davis, and Martin in their official capacities only. In all other respects, Defendants' motions to dismiss are denied.


**SO ORDERED**                                     ENTER:   9/18/13

                                                                   _____
                                                                   **JOHN Z. LEE**
                                                                   **U.S. District Judge**